

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-6526
Re: Art. 6675a-11, V.A.C.S.
allows Tax Collector to
receive fee for such
license receipt issued
by him, although the
motor vehicle in question
was registered twice in
same registration year
due to reclassification.

We have received your recent request for an opinion,
from which we quote as follows:

"Several times during the past few years,
the office of the Tax Assessor Collector of
Nueces County has deducted commissions for the
issuance of a change in registration. The orig-
inal license receipt being issued to the ordin-
ary private automobile, the change being made
necessary for the reason that the automobile
came under the farm classification. Therefore,
it was necessary to issue an additional license
receipt and plate. This matter has been taken
up with the Highway Department, who advised that
the County Tax Assessor Collector is due only
one commission on the registration of a motor
vehicle during the registration year. However,
as we advised the Texas Highway Department in
a recent letter, we could not see any reason
why we were not entitled to take the commission
on the re-registration, particularly in view of
the fact that the amount of work involved was

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

considerably more than that of merely issuing
the plates in the first place.

". . .

". . .

"We shall be pleased therefore to receive
your opinion as to whether or not we are entitled
to the commission on a car that has been re-
registered due to a reclassification."

We assume from the facts stated in your communication
that the motor vehicle in question was first registered as a
passenger vehicle under Article 6675a-5, Vernon's Annotated
Civil Statutes, and during the same registration year was con-
verted into a farm commercial motor vehicle and re-registered
under the provisions of Art. 6675a-6a, V. A. C. S., which pro-
vides for a registration license fee of fifty (50%) per cent
of the registration fee prescribed for a commercial motor ve-
hicle or truck tractor.

Art. 6675a-11, V. A. C. S. provides for the fees of the
Tax Collector as follows:

"As compensation for his services under the
provisions of this and other laws relating to the
registration of vehicles and chauffeurs and the
transfer of vehicles, each County Tax Collector
shall receive a uniform fee of fifty cents for each
of the first one thousand receipts issued by him
each year pursuant to said laws; he shall receive
a uniform fee of forty cents for each of the next
nine thousand receipts so issued, a uniform fee of
thirty cents for each of the next fifteen thousand
receipts so issued and a uniform fee of twenty cents
for each of the balance of said receipts so issued
during the year. Said compensation shall be deduct-
ed weekly by each County Tax Collector from the gross
collections made pursuant to this Act (Arts. 6675a-1
to 6675a-14; F. C. Art. 807a) and other laws relating
to the registration of vehicles and chauffeurs and
the transfer of vehicles. Out of the compensation
so allowed County Tax Collectors, it is hereby ex-
pressly provided and required that they shall pay
the entire expense of issuing all license receipts
and number plates and chauffeur badges issued pur-
suant hereto, including the cost of labor performed

in issuing said receipts, number plates and badges and the cost of postage used in mailing same to applicants."

It will be noted that the fees allowed next above are "for each of the . . . receipts issued by him each year pursuant to said laws."

In the fact situation presented by you, the Tax Assessor Collector of Nueces County issued two separate license receipts during the same registration year. We see no difference, as affecting your question, whether these receipts were issued as a result of two registrations of the same vehicle or registration of two different vehicles, providing such vehicle was lawfully registered each time.

Therefore, it is our opinion that the Tax Assessor Collector of your county is entitled to his fees accruing by reason of each such registration of the vehicle in question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    (Sgd)
    Robert L. Lattimore, Jr.
                Assistant

RLL:LJ

APPROVED APR. 27, 1945

(Sgd) Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN